UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO COLON, Plaintiff, | CIVIL CASE NO. 15-CV-2157 (JMS)(SIL) |
| -against- | FIRST AMENDED COMPLAINT |
| SAM TELL AND SON, INC., MARC TELL, and DANIEL SALTZMAN, Defendants. | PLAINTIFF DEMANDS TRIAL BY JURY |

Plaintiff, Julio Colon (hereinafter "Plaintiff" or "Mr. Colon"), by his attorney, Brendan Chao, Attorney & Counsellor at Law, files this Amended Complaint against Sam Tell and Son, Inc. ("Sam Tell"), Marc Tell ("Defendant Tell") and Daniel Saltzman ("Defendant Saltzman") (hereinafter collectively referred to as the "Defendants") states as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages based upon Defendants' violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201 et seq., the New York Labor Law (the "NYLL") §§ 190 et seq., 650 et seq., the New York State Department of Labor Regulations (the "NYDOL Regs."), 12 N.Y.C.R.R. § 142-2.1-142-2.4, and other applicable rules, regulations, statutes, and ordinances.

2. Plaintiff alleges, pursuant to FLSA, that he is entitled to recover from Defendants: a) statutory overtime for all hours worked in excess of forty (40) hours per week; b) liquidated damages; and c) his reasonable attorneys' fees and costs of litigation.

3. Plaintiff further alleges, pursuant to NYLL, that he is entitled to recover

from Defendants: a) statutory overtime for all hours worked in excess of forty (40) hours per week; b) liquidated damages; c) prejudgment interest; and d) reasonable attorneys' fees and costs of litigation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and principles of supplemental jurisdiction, 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in the Eastern District of New York, and because Defendants regularly transacted business in this District, such that it is subject to personal jurisdiction in this district.

## THE PARTIES

6. Plaintiff is currently a citizen of the State of Florida, and resides in the State of Florida.

7. Defendant Sam Tell is, upon information and belief, an active domestic corporation duly incorporated and registered in the State of New York, having a registered principal place of business, and a registered service of process address, located at 300 Smith Street, Farmingdale, N.Y. 11735. At all relevant times, Defendant Sam Tell was an "employer" within the meaning of the FLSA and the NYLL.

8. Defendant Marc Tell, is the Chief Executive Officer, owner, shareholder, director, proprietor, and managing agent of Sam Tell, who actively participated, and continues to actively participate in sales management, executive supervision, and activities related to the

operations of Defendant Sam Tell, and acted intentionally and maliciously, and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated there under, 29 C.F.R. § 791.2 as well as New York Labor Law § 2, and the Regulations there under, and is jointly and severally liable with Defendant Sam Tell.

9. Defendant Daniel Saltzman, is the Chief Operating Officer, owner, shareholder, director, supervisor, proprietor, and managing agent of Sam Tell, who actively participated, and continues to actively participate in the day-to-day operations, from the purchasing and receiving to shipping of Sam Tell and acted intentionally and maliciously, and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated there under, 29 C.F.R. § 791.2 as well as New York Labor Law § 2, and the Regulations there under, and is jointly and severally liable with Sam Tell.

10. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, and the NYLL.

11. At all relevant times, Defendants were an "employer" within the meaning of the FLSA and the NYLL.

12. Upon information and belief, Defendants operate an enterprise engaged in commerce within the meaning of the FLSA and the NYLL.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and NYLL.

## FACTS

14. Defendants hired Mr. Colon on or about December 4, 2000, and he

worked for Defendants until January 9, 2015.

15. Mr. Colon was initially hired as an hourly union Driver, and in 2006 he was moved to the warehouse as an hourly union Dispatcher/Router.

16. In or about 2010, Mr. Colon became an hourly full-time "Dispatcher," and his responsibilities included scheduling drivers to pick-up or deliver product to customers or vendors, maintain records, and monitor drivers.

17. As a Dispatcher, Mr. Colon's work week, i.e. "straight time," consisted of five (5) days a week, Monday through Friday, with eight (8) hours of work per day, totaling forty (40) hours of work per week.

18. During his time as a Dispatcher from 2010 until his termination in January 2015, Mr. Colon averaged thirteen (13) overtime hours per work week, i.e. the hours worked in excess of his scheduled straight time of forty (40) hours a week.

19. Mr. Colon also worked on Saturdays during his employment as a Dispatcher, but, upon information and belief, Defendants paid him time and a half pay for these Saturday hours.

20. In or about June 2012, Defendant Saltzman called Mr. Colon to his office where the General Manager, Messiah Brown ("Mr. Brown") was also present.

21. Mr. Saltzman informed Mr. Colon that he would no longer be an hourly employee; instead he would become a salaried employee, and he would remain a union member.

22. Mr. Saltzman also told Mr. Colon that he would still have to clock in and

out every day, and the only extra pay Mr. Colon would receive was for any hours he worked on Saturdays, which meant that the average thirteen (13) overtime hours he worked in excess of his straight time of forty (40) hours during weekdays would go unpaid, which is in fact what happened until his employment with Defendants ended in January 2015.

23. For example, for Mr. Colon's work week of October 1, 2014 through October 7, 2014, consisted of him working a total of sixty-five (65) hours, with only five (5) of those hours being considered overtime work (the Saturday hours). Thus, twenty (20) hours of overtime was not compensated accordingly by Defendants (the Monday through Friday hours).

24. On another occasion, Mr. Colon's work week of November 5, 2014 through November 11, 2014, consisted of him working a total of fifty six (56) hours, with only five (5) of those hours being compensated as overtime work (the Saturday hours). Thus, eleven (11) hours of overtime was not compensated accordingly by Defendants (the Monday through Friday hours).

25. During this meeting, Mr. Brown reminded Mr. Saltzman that Mr. Colon was a union member, and could not be considered a salaried employee.

26. Mr. Saltzman told Mr. Brown that Mr. Colon would make more money this way and that this was the final word.

27. After Mr. Colon was reclassified as a salaried employee by Defendants, his income went from approximately $67,000.00 a year to $42,000.00, even though he was working, on average, thirteen (13) hours of uncompensated overtime per week.

28. Mr. Brown told Mr. Colon that he had spoken again to Mr. Saltzman,

telling him that Mr. Colon worked too many hours to be a salaried employee, and that he was a union member.

29. Despite Mr. Brown's conversation with Mr. Saltzman, nothing changed.

30. Defendant Saltzman must approve all crucial business decisions; this includes decisions concerning the number of hours employees work, the amount of pay that employees are entitled to receive, the method by which the employees are paid, and whether employees are entitled to a pay increase and, if so, the amount of the increase.

31. Mr. Colon asked Barbara Grabowski ("Mr. Grabowski"), defendant's Comptroller and Human Resources representative, about his classification as a salaried employee; she said that Mr. Colon should do something about it.

32. Ms. Grabowski told Mr. Colon that he was classified as an hourly employee because he was a union member. She also admitted that she was instructed by Mr. Saltzman to ignore Mr. Colon's weekday overtime hours, and treat him as a salaried employee.

33. Mr. Colon was still a union member, and as such should have been compensated as an hourly employee.

34. In or about August 2014, a second Warehouse Manager was hired, Tedrick Thomas ("Mr. Thomas").

35. Mr. Colon now had two managers, and even though Mr. Colon was now compensated as a salaried employee, he did not have the authority that would accompany that classification, for example hiring, firing, or disciplining employees.

36. In or about December 2014, Mr. Colon approached Michael Bitoni ("Mr. Bitoni") the Chief Financial Officer for defendant and Ms. Graboswki to address the issue again.

37. Both Mr. Bitoni and Ms. Graboswki told Mr. Colon that there was nothing they could do because Mr. Saltzman had told them to pay him as a salaried employee, with no overtime for hours he worked in excess of his straight time of forty (40) hours during the week.

38. The only overtime Mr. Bitoni and Ms. Barbara were allowed to pay Mr. Colon, were the hours worked on Saturdays, which was considered to be his only overtime, paid at time and a half.

39. Even Mr. Colon's Saturday overtime hours that were paid at time and a half were not adequately compensated, with these hours often being accounted for as less than Mr. Colon's actual Saturday overtime hours put in.

40. For example, in or about, November 12, 2014 through November 25, 2014, Mr. Colon's worked ten (10) Saturday overtime hours. However, Mr. Colon was compensated by Defendants for only nine and half (9.5) hours.

41. Also, when Mr. Colon missed days from work, his vacation time and/or sick days would be used to cover his absences, and when these were depleted, he would not get paid for the day he was absent.

**FIRST COUNT**

**(Overtime Claim Under FLSA)**

42. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41 as though they were set forth herein.

43. The FLSA requires covered employers, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half their regular rates of pay for all work performed in excess of 40 hours in a workweek.

44. Plaintiff is not exempt from the requirement that his employer pay him overtime compensation under the FLSA, and he is entitled to be paid overtime compensation by Defendants for all overtime hours worked.

45. At all relevant times, Defendants have had and continued to have a policy and practice of improperly classifying workers as exempt from the provisions of the FLSA, and of willfully failing or refusing to pay Plaintiff overtime pay for his hours worked in excess of 40 hours in a workweek.

46. Plaintiff regularly worked in excess of forty (40) hours per week.

47. As a result of Defendants' willful failure to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for all work performed in excess of 40 hours in a workweek, Defendants have willfully violated the FLSA, 29 U.S.C. § 207(a)(1); Defendants' violations of the FLSA have significantly damaged Plaintiff.

48. The foregoing conduct of Defendants, as alleged, constitutes a willful violation, within the meaning of the FLSA, 29 U.S.C. § 255(a).

**SECOND COUNT**
**(Overtime Claim Under NYLL)**

49. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48 as though they were set forth herein.

50. Pursuant to the New York Department of Labor regulations incorporated in the statute, see NYLL § 2(16), "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in …[the FLSA]…." 12 N.Y.C.C.R. § 142-2.2.

51. NYLL § 663, as amended in 2011, provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayment, together with costs, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total underpayment found to be due."

52. Plaintiff regularly worked in excess of forty (40) hours per week.

53. Plaintiff did not receive overtime compensation in violation of the NYLL and the Department of Labor regulations incorporated therein.

54. Upon information and belief, Defendant's failure to pay overtime compensation was willful, and was part of a scheme to deprive Plaintiff of the compensation to which he was entitled pursuant to the NYLL, and the Department of Labor regulations incorporated therein.

55. Defendants are therefore liable to Plaintiff for unpaid overtime compensation in an amount to be determined at trial, liquidated damages allowed by the NYLL, statutory prejudgment interest, and his reasonable attorneys' fees and litigation costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A. Determination of the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. § 207(a)(1), and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment interest as may be allowed by law;

B. Awarding Plaintiff an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and the New York State Labor Laws because Defendants' overtime violations were willful;

C. Awarding Plaintiff his reasonable attorney's fees, and costs and disbursements in this action, including but not limited to any accountant's or expert's fees; and

D. Granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated: July 30, 2015
Rockville Centre, N.Y.

BRENDAN CHAO
Attorney & Counsellor at Law

By: ______________________
Brendan Chao (BC 8811)

Attorney for Plaintiff
50 Merrick Road
Rockville Centre, N.Y. 11570
(516) 466-2033

TO: Aaron N. Solomon **VIA ECF**
KAUFMAN DOLOWICH & VOLUCK, LLP
Attorneys for defendants