UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JULIO COLON,

       Plaintiff,    **ORDER**
                  CV 15-2157 (JMA) (SIL)
  -against-

SAM TELL AND SON, INC. et al,

       Defendants.
----------------------------------------------------------------X
**LOCKE, Magistrate Judge:**

  Presently before the Court is Defendants Sam Tell & Son Inc., Marc Tell, and Daniel Saltzman's ("Defendants") letter motion for an order deeming admitted the fifteen requests set forth in their requests for admissions ("Requests for Admissions"), and the costs and fees associated with their motion. *See* Docket Entry ("DE") [25]. For the reasons set forth below, the motion is denied.

  Defendants served their first set of Requests for Admissions on April 6, 2016. *See id.* at 1. Plaintiff rejected such requests as untimely because they were served after the March 1, 2016 deadline set forth in this Court's Scheduling Order for service of first sets of interrogatories and document demands. *Id.*; DE [25-2] at 2. Nonetheless, Plaintiff served responses to the Requests for Admissions on May 23, 2016. *See* DE [26-1] at 7. Defendants argue that the requests must be deemed admitted due to Plaintiff's failure to respond with a written answer or objection within 30 days of service of the Requests for Admissions, which Defendants calculate as May 9, 2016. DE [25] at 2.

  As an initial matter, Defendants' Requests for Admissions were timely. According to the Scheduling Order issued by this Court on February 9, 2016, the March 1, 2016 deadline applies to "[s]ervice of first interrogatories and document demands." DE [21]. Requests for admissions are

not addressed. The purpose of this initial deadline is to make sure that discovery commences in a timely fashion. Because "[r]equests for [a]dmissions are not a discovery device much like interrogatories, demand for documents or depositions, nor are they to be considered substitutions for them," *Dash v. Seagate Tech. (US) Holdings, Inc.*, 13-CV-6329, 2015 WL 4257329, at *16 (E.D.N.Y. July 14, 2015) (quoting *Henry v. Champlain Enters., Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y.2003)), service of such requests after the March 1, 2016 deadline was proper.

However, the Court declines as a matter of discretion to deem admitted Defendants' Requests for Admissions. *See Paniagua v. Walter Kidde Portable Equip., Inc.*, No. 15 CIV. 1858, 2016 WL 1718254, at *8 (S.D.N.Y. Apr. 27, 2016) ("[T]he failure to respond in a timely fashion does not require the court automatically to deem all matters admitted.") (quoting *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996)). In its opposition letter, Plaintiff challenges Defendants' motion, noting that it had served the responses on May 23, and that the delay was caused by recent settlement discussions entered into between the parties. *See* DE [26]. Construing Defendants' opposition letter as a request for an extension of time to respond, the Court grants such an extension and declines to deem the requests admitted. *See Tangorre v. Mako's, Inc.*, 01 CIV 4430, 2002 WL 206988, at *6 (S.D.N.Y. Feb. 8, 2002) (citing Fed. R. Civ. P. 36(b)) ("If a response is untimely, the Court may, in its discretion, excuse the lateness of the response, when: (1) the presentation of the merits of the action will be served; and (2) there is no prejudice to the party who obtained the admission."). Here, the requests appear relevant to Defendants' affirmative defenses, and, as such, support the presentation of the merits of the action. Further, as the responses were only 14 days late, the Court perceives no prejudice to Defendants by denying the motion. Finally, Plaintiff's failure to answer was not the result of a lack of good faith, but rather because the parties were engaged in settlement discussions

and Plaintiff's counsel believed the negotiation "would be more effective if undertaken without continued motion practice." DE [26] at 1; *see Donovan v. Buffalo Downtown Dump Truck Serv. & Supplies, Inc.*, No. CIV-82-580E, 1985 WL 186690, at *4 (W.D.N.Y. Apr. 12, 1985) ("Although the failure to take any action within the prescribed period results in the admission of facts stated therein, a court has discretion to permit a party to file an answer to such request subsequent to the expiration of the time period when the delay was not occasioned by lack of good faith and when the untimely response has not unduly prejudiced the requesting party."). Therefore, the Court extends the time for Plaintiff to respond to May 23, 2016, and finds the responses timely.

Accordingly, Defendants' motion for an order deeming admitted their Requests for Admissions is denied, along with their request for the costs and fees associated with this motion.

Dated: Central Islip, New York  **SO ORDERED:**
June 29, 2016

 s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge